MINA GARBERG *vs.* JOSEPH SAMUELS *et al.*

PROVIDENCE—OCTOBER 30, 1905.

PRESENT: Douglas, C. J., Dubois, Blodgett, and Johnson, JJ.

(1) *Negligence. Merchant and Customer.*

A verdict, based on competent evidence, that defendant was guilty of negligence in maintaining a slippery pavement directly below and sloping downward from a doorstep five and one-half inches in height at such an angle as to be dangerous to persons who were invited to use it in patronizing the store, whereby plaintiff while in the exercise of due care was injured, sustained.

(2) *Expert Evidence.*

Where the construction and material of the floor alleged as the cause of the accident were not in common use, expert testimony by those familiar with such floors is admissible.

TRESPASS ON THE CASE for negligence. Heard on petition of defendant for new trial, and denied.

(1)    DOUGLAS, C. J. This case presents plain questions of fact for the jury. They have found, upon what seems to us competent evidence, that the defendant was guilty of negligence in maintaining a slippery pavement directly below and sloping downward from a doorstep five and one-half inches in height, at such an angle as to be dangerous to persons who were invited to use it in patronizing the store. And they have also found by implication that the plaintiff was in the exercise of due care when she met with the accident of which she complained.

We see no reason to disturb their conclusions.

The damage, in the circumstances shown, can not be considered excessive.

(2)     Exception was taken to the allowance of the question put to one who had been for many years engaged in the business of laying floors of the character under consideration, whether a pavement of such construction and laid at such a pitch was dangerous. A sloping floor of the material here employed is not in common use, and ordinary persons may be presumed not to be familiar with its peculiarities. We think the jury were entitled to have the benefit of expert testimony upon this subject, and that the question was properly admitted.

The exception must, therefore, be overruled.

The petition for a new trial is denied, and the case is remitted to the Superior Court for judgment upon the verdict.

*Herbert A. Blake,* for plaintiff.

*Vincent, Boss & Barnefield,* for defendant.